Lori SPANO; Alan Opoien; Patricia McGrath; Joan Horton,
Plaintiffs,

and

Charles Burr; Shannon Massey,
Plaintiffs–Appellants,

v.

SAFECO CORPORATION; Safeco Insurance Co. of America; American State Insurance Company; Safeco Insurance Company of Illinois; Safeco Insurance Company of Oregon, Defendants–Appellees.

No. 04–35313.

United States Court of Appeals,
Ninth Circuit.

Jan. 9, 2008.

Steve D. Larson, Esq., Scott A. Shorr, Esq., Stoll Stoll Berne Lokting & Schlachter, PC, Portland, OR, for Plaintiffs–Appellants.

John A. Bennett, Esq., Lisa E. Lear, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Defendants–Appellees.

Before: STEPHEN REINHARDT, MARSHA S. BERZON, and JAY S. BYBEE, Circuit Judges.

PER CURIAM:

This appeal comes before us on remand from the Supreme Court. *See Safeco Ins. Co. of Am. v. Burr*, —— U.S. ——, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). The Court affirmed our holding in *Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081 (9th Cir.2006), that liability under 15 U.S.C. § 1681n(a) for "willfully fail[ing] to comply" with the Fair Credit Reporting Act (FCRA) includes reckless disregard of statutory duties. *Burr*, 127 S.Ct. at 2208. The Court also agreed with our holding that quoting or charging a first-time premium can be "an increase in any charge for . . . any insurance, existing or applied for." *Id.* at 2210 (quoting 15 U.S.C. § 1681a(k)(1)(B)(i)). In addition, the Court held that notice is required only when consideration of a consumer's credit report is a necessary condition for the increased rate. *Id.* at 2212 (citing 15 U.S.C. § 1681m(a)). Finally, reversing our holding, the Court held that the baseline for determining whether a first-time rate is a disadvantageous increase is the rate the applicant would have received had the company not taken his credit score into account. *Id.* at 2213.

The Court held that Safeco was not liable because its misreading of the statute was not reckless, and therefore was not "willful." *Id.* at 2215–16.

Plaintiffs did not raise on appeal any basis for liability other than the theory rejected by the Court. Therefore we affirm the district court's summary judgment.

AFFIRMED.